UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

UNITED STATES OF AMERICA

    -v-                                                                                                                No.  02-CR-348-LTS

JORGE GANDIA ORTEGA,

        Defendant.

--------------------------------------------------------x

## MEMORANDUM ORDER

        The Court has received Defendant Jorge Gandia Ortega's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), which was amended by Congress as part of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194.  (Docket Entry No. 151.)  On June 2, 2005, Defendant was sentenced principally to 360 months of imprisonment, to be followed by a ten-year supervised release term.  On May 27, 2020, the Court reduced Defendant's custodial sentence to 324 months pursuant to the November 1, 2014, amendments to the United States Sentencing Guidelines that lowered the guideline sentencing range for certain categories of offenses involving drugs.  (Docket Entry No. 160.)  Defendant is currently in custody at FCI Schuylkill and is due to be released on May 3, 2026.

        Defendant seeks immediate release to supervised release, claiming that the Bureau of Prisons' ("BOP") failure to provide a certain surgical procedure to treat his digestive disorder constitutes an "extraordinary and compelling" reason to reduce his sentence.  On April 25, 2020, the Government filed its opposition to Defendant's motion.  (Docket Entry No. 158.)  On June 1, 2020, the Defendant filed a reply in support of his motion.  (Docket Entry No. 162.)  The Court has reviewed the parties' submissions carefully and, for the following reasons, Defendant's motion is denied.

Mr. Gandia Ortega seeks an order directing his compassionate release under 18 U.S.C. § 3582(c)(1)(A), which provides, in relevant part, that:

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C.A. § 3582(c)(1)(A) (Westlaw through P.L. 116-143). Section 1B1.13 of the Federal Sentencing Guidelines provides that the Court must also determine that "[t]he defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13.[1]

Mr. Gandia Ortega has been diagnosed with a chronic digestive disorder for which he is receiving treatment at an outside medical facility once every six months. He asserts that, in light of his digestive disorder and because he will not be afforded a certain surgical procedure that he asserts "is the standard of care" for his digestive disorder, he should be granted compassionate release from custody. (Docket Entry No. 151 at 1-2.) The Government contends that Mr. Gandia Ortega's motion should not be granted because he has not demonstrated that the requisite "extraordinary" circumstances exist. (Docket Entry No. 158.)

Mr. Gandia Ortega has not demonstrated that extraordinary and compelling reasons warrant a reduction of his sentence or that a reduction of his sentence would be consistent with the policy statements set forth in Section 1B1.13 of the Sentencing Guidelines.

---

[1] Section 1B1.13 is a policy statement governing "reduction in term of imprisonment under 18 U.S.C. § 3582(c)(1)(A)." U.S.S.G. § 1B1.13.

While the Court recognizes that the digestive disorder from which Mr. Gandia Ortega suffers could become a life-threatening condition, Mr. Gandia Ortega's own proffers demonstrate that his condition is not, at present, disabling.  His condition is being successfully managed medically: he receives treatment at an outside medical facility every six months and, according to Warden Finley's response to Mr. Gandia Ortega's compassionate release request, Mr. Gandia Ortega is able to work as an orderly, which "indicates [that Mr. Gandia Ortega is] capable of self-care and [is] not confined to a bed or chair." (Docket Entry No. 151 at Ex. B.)  Further, the authorities that Mr. Gandia Ortega cites for the proposition that the surgical procedure he requested "is the standard of care for a chronic case of [his digestive disorder]," are inapposite.[2]  For these reasons, Mr. Gandia Ortega's digestive disorder (and the BOP's denial of his requested surgery) does not rise to the level of severity generally contemplated under 18 U.S.C. § 3582(c)(1)(A) and the corresponding Guidelines policy statement.  Thus, the facts currently before the Court do not demonstrate "extraordinary and compelling" circumstances that warrant a reduction in Mr. Gandia Ortega's sentence.

---

[2]    Hash v. Kanaan involved a complaint for damages under 42 U.S.C. § 1983, which alleged that defendant was deliberately indifferent to his serious medical needs by referring him to doctors who "botched" his Nissen fundoplication surgery.  Case No. 17 Civ. 01663 (SK), 2018 WL 9801577 (N.D. Cal. Aug. 1, 2018).  The Hash court determined that plaintiff's Nissen fundoplication surgery was "medically acceptable and within the standard of care," such that no reasonable jury could conclude that defendant "was deliberately indifferent to Plaintiff's serious medical needs [in violation of the Eighth Amendment] in performing the . . . Nissen fundoplication to treat Plaintiff's [digestive disorder.]"  Id. at *5.  Miller v. Campanella, 794 F.3d 878 (7th Cir. 2015) and Tennyson v. Raemisch, 638 F. App'x 685 (10th Cir. 2015) also concerned Eighth Amendment claims brought pursuant to Section 1983 and were analyzed under the "deliberate indifference" standard.  These cases do not, as Mr. Gandia Ortega contends, stand for the proposition that BOP must provide him with Nissen fundoplication surgery in order to treat his digestive condition in a medically appropriate fashion.

In his reply in support of his motion for compassionate release, Mr. Gandia Ortega also contends that his digestive disorder, high blood pressure, and high cholesterol put him at greater risk of contracting severe illness related to COVID-19.  (Docket Entry No. 162 at 2.)[3]  The Court does not take lightly the elevated risk that Mr. Gandia Ortega's confinement poses for his own health and safety.  The current public health crisis presents an elevated risk for those who are confined, as compared to those living in situations where social distancing is more feasible and where the most effective cleaning products are more readily available.  The BOP has, however, implemented policies and consulted with appropriate experts to mitigate the risks posed by COVID-19.  Indeed, these measures appear to have been successful at FCI Schuylkill, where Mr. Gandia Ortega is in custody: according to the BOP website, the facility has no confirmed cases of COVID-19 as of this writing.  (See https://www.bop.gov/coronavirus/index.jsp, last visited June 19, 2020.)  Mr. Gandia Ortega does not identify any particular deficiencies at FCI Schuykill that he claims create an objectively unreasonable risk to his health.

The BOP's mitigation measures do not, and cannot, eliminate completely the risk of COVID-19, but these measures are calculated to mitigate the risk of infection in its inherently close quarters, for all persons in custody and BOP staff.  Although, in certain cases, the specific medical conditions of individual defendants may create risks so substantial as to constitute

---

[3]  The Court notes that Mr. Gandia Ortega has not exhausted his administrative remedies with respect to his COVID-19-related request.  His January 6, 2020, request for compassionate release did not mention COVID-19.  (Docket Entry No. 151 at Ex. A.) Therefore, with respect to his COVID-19-related request, the Court cannot conclude that "defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or that 30 days have lapsed "from the receipt of such a request by the warden of the defendant's facility."  18 U.S.C.A. § 3582(c)(1)(A) (Westlaw through P.L. 116-143).

"extraordinary and compelling reasons" to warrant compassionate release under 18 U.S.C. § 3582(c)(1)(A), the Court finds that Mr. Gandia Ortega has not demonstrated that he faces an extraordinary risk of contracting the infection at FCI Schuykill or that the circumstances of his continued detention are objectively compelling such that they warrant his early release from custody.

Nor has Mr. Gandia Ortega demonstrated that he is "not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)." [4]  U.S.S.G. § 1B1.13. Mr. Gandia Ortega played a significant role in a narcotics conspiracy that imported hundreds of kilograms of cocaine into the United States.  (Docket Entry No. 158 at 1.)  Mr. Gandia Ortega was a leader of the conspiracy and directed persons to smuggle cocaine from Puerto Rico to New York.  (Presentence Investigation Report at 5.)  The Government proffered evidence from multiple confidential informants that Mr. Gandia Ortega sold them large quantities of cocaine—strong evidence of his guilt.  (Id. at 2-5.)  Mr. Gandia Ortega's lengthy prior criminal history, which includes three narcotics-related offenses, seven weapons charges, and one crime of violence, suggests a high likelihood of recidivism.  (Id. at 6-11.)  This history of behavior indicates a significant risk to the public especially during the current pandemic, when the ability to effectively supervise Mr. Gandia Ortega is greatly compromised and public law enforcement resources are strained.  Mr. Gandia Ortega has not proffered any information from which the Court could conclude that he no longer poses a danger to the community.

---

[4]  Section 3142(g) provides that the Court should consider (i) the nature and circumstances of the offense charged; (ii) the weight of the evidence against the defendant; (iii) the history and characteristics of the defendant; and (iv) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

For all of these reasons, Defendant's request for compassionate release pursuant to Section 3582(c)(1)(A) is denied.  Docket Entry No. 151 is resolved.  The Chambers of the undersigned will mail a copy of this order to Mr. Gandia Ortega.

SO ORDERED.

Dated: New York, New York
June 19, 2020

  /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

**Copy mailed to:**
Jorge Gandia Ortega
#44943-054
FCI Schuylkill
Federal Correctional Institution
P.O. Box 759
Minersville, PA 17954