UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

   -v-                                                               No.  02-CR-348 (LTS)

JORGE GANDIA ORTEGA,

        Defendant.

-------------------------------------------------------x

## MEMORANDUM ORDER

The Court has received Defendant Jorge Gandia Ortega's pro se renewed motion for a reduction in sentence pursuant to 18 U.S.C. section 3582(c)(1)(A).  (Docket entry no. 164, the "Motion.")  In a Memorandum Order dated June 19, 2020 (docket entry no. 163, the "June 19 Order")), familiarity with which the Court assumes for the purposes of this Motion, the Court denied Mr. Ortega's previous motion for a reduction in sentence on the merits.  As set forth in the June 19 Order, Mr. Ortega is currently serving a 324-month custodial sentence, stemming from his participation in and leadership of a large narcotics conspiracy, at Federal Correctional Institution ("FCI") Schuylkill, and is due to be released on May 3, 2026.  (June 19 Ord. at 1-6.)  See also Bureau of Prisons ("BOP"), Find an inmate, https://www.bop.gov/inmateloc/ (last visited April 19, 2021).

Mr. Ortega renews his motion for a reduction in sentence, and seeks immediate release to supervised release, claiming principally that the impact of the COVID-19 pandemic at FCI Schuylkill, and that facility's alleged failure to adequately care for his chronic esophageal condition, constitute extraordinary and compelling reasons warranting a reduction in his

sentence.  (Motion at 1-8; docket entry no. 181 ("Reply") at 1-3.)  The Court has reviewed the parties' submissions carefully and, for the following reasons, Mr. Ortega's Motion is denied.[1]

## DISCUSSION

Mr. Ortega renews his request for an order directing his compassionate release under 18 U.S.C. section 3582(c)(1)(A), which provides, in relevant part, that:

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . .

18 U.S.C.A. § 3582(c)(1)(A) (Westlaw through P.L. 117-1).[2]  The Court therefore considers "the factors set forth in section 3553(a) to the extent that they are applicable," and then considers, in light of those factors, whether the defendant's proffered "extraordinary and compelling reasons" for a sentence reduction warrant such a reduction.  The Court may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it] in motions for compassionate release" in determining whether those reasons warrant a sentence reduction.  United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020).  "The defendant has the burden to show he is entitled to a sentence reduction" under section 3582(c)(1)(A).  United States v. Ebbers, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

---

[1]   The parties' submissions include the Government's principal opposition (docket entry no. 166 ("Opp.")), as well as several supplemental filings from each party.  (See docket entry nos. 168, 170, 174, 177, 179.)

[2]   The Government does not dispute that Mr. Ortega has satisfied section 3582(c)(1)(A)'s exhaustion requirement.  (See Opp. at 2 n.3.)

In the June 19 Order, the Court considered several of the relevant section 3553(a) factors (see June 19 Order at 4-5),³ including the need to protect the public from further crimes of the defendant, and the need to provide Mr. Ortega with appropriate medical care.  The Court also considers, on this Motion, the educational courses Mr. Ortega has completed while in custody (Motion at ECF page 11-13), Mr. Ortega's age (53 years old), and his lack of disciplinary infractions in recent years.  (Motion at 6.)

In seeking a reduction in his sentence, Mr. Ortega first cites his health conditions in the context of the COVID-19 pandemic.  Among Mr. Ortega's health conditions are hypertension and a body mass index ("BMI") of at least 35, each of which may place Mr. Ortega at an increased risk of severe illness from COVID-19.  CDC, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited April 19, 2021).  At 53 years old, Mr. Oretga is in an age group which faces neither the lowest risk nor the greatest risk of severe illness from COVID-19 infection.  See, e.g., United States v. Pina, No. 01-CR-619 (VM), 2021 WL 364192, at *2 (S.D.N.Y. Feb. 3, 2021) ("Furthermore, at fifty-one years old, Piña is not in the 'greatest risk' age group category.") (citing CDC guidance).  Moreover, Mr. Ortega contracted and recovered

---

[3]   The sentencing factors set forth in 18 U.S.C. section 3553(a) are: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range . . . ; (5) any pertinent policy statement [issued by the Sentencing Commission in effect on the date the defendant is sentenced]; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense."  18 U.S.C.A. § 3553(a) (Westlaw through P.L. 117-1).

from COVID-19 in February 2021 (Reply at 1-2), suggesting that he may retain some level of immunity from COVID-19 reinfection.  See, e.g., National Institutes of Health, Lasting immunity found after recovery from COVID-19, https://www.nih.gov/news-events/nih-research-matters/lasting-immunity-found-after-recovery-covid-19 (last visited April 19, 2021) (describing one study revealing that "[t]he immune systems of more than 95% of people who recovered from COVID-19 had durable memories of the virus up to eight months after infection").  See also United States v. Pena, No. 18-CR-640 (RA), 2021 WL 396420, at *2 (S.D.N.Y. Feb. 4, 2021) ("Although the medical community's understanding of the virus continues to evolve, a number of courts have found that 'a defendant's successful recovery from COVID-19 weighs against granting that defendant compassionate release.'") (quoting United States v. Delorbe-Luna, No. 18-CR-384 (VEC), 2020 WL 7231060, at *2 (S.D.N.Y. Dec. 7, 2020)).  Finally, the BOP's COVID-19 vaccination efforts at FCI Schuylkill are well underway, with 93 staff and 215 inmates fully vaccinated, and only one inmate currently reported as positive for COVID-19. BOP, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited April 19, 2021). The Court therefore concludes that the threat COVID-19 poses to Mr. Ortega, while undoubtably serious, does not amount to an extraordinary and compelling reason warranting a reduction in his sentence.

Mr. Ortega also renews his motion for a reduction in his sentence based on alleged delays, resulting from the COVID-19 pandemic, in the treatment provided him for his chronic esophageal condition.  (Motion at 4; Reply at 1.)[4]  Mr. Ortgea's medical records confirm

---

[4]  Mr. Ortega also renews his claim that he is being denied the "proper surgical procedure" for his condition.  (Motion at 4; id. at ECF page 15.)  As explained in the Court's June 19 Order (at 3), the record does not support a claim that this alleged denial presents an extraordinary and compelling reason warranting a reduction in his sentence.

that he last underwent an esophagogastroduodenoscopy ("EGD") with dilation in connection with that condition on July 8, 2020, that Mr. Ortega reported that he "was going every six months" prior to that time, and that Mr. Ortega has indeed undergone an EGD on a regular basis in the past. (Docket entry no. 170 Ex. A; Opp. Ex. A.) However, those medical records also confirm that his treating sources are aware of Mr. Ortega's condition and have scheduled him for a "[r]outine" EGD with dilation on or about August 2, 2021. (Docket entry no. 170 Ex. A.) Moreover, BOP medical personnel have also prescribed Mr. Ortega with medication to treat his esophageal disease. (Id.) In light of Mr. Ortega's continued receipt of treatment while in custody, the Court concludes that the BOP's medical treatment of Mr. Ortega does not amount to an extraordinary and compelling reason warranting a reduction in his sentence.[5]

Having considered the applicable section 3553(a) factors, Mr. Ortega's health conditions, and the treatment he continues to receive at FCI Schuylkill, the Court concludes that the sentence imposed on Mr. Ortega remains appropriate and consistent with section 3553(a), and that extraordinary and compelling reasons do not warrant a reduction in Mr. Ortega's sentence.

---

[5] Mr. Ortega may, if he so desires, seek temporary release from custody for the purpose of "obtaining medical treatment not otherwise available" to him, by submitting a request to the warden of his facility for temporary furlough release for the purpose of seeking that medical treatment, pursuant to 18 U.S.C. section 3622. See 18 U.S.C.A. § 3622(a)(3) (Westlaw through P.L. 117-1) (authorizing the BOP to "release a prisoner from the place of his imprisonment for a limited period," under certain circumstances, in order to allow that prisoner to "obtain[ ] medical treatment not otherwise available" to him). Such temporary release is entirely under the authority of the BOP; the Court cannot order temporary release for medical treatment as a form of compassionate release.

CONCLUSION

For the reasons set forth above, Mr. Ortega's renewed motion for compassionate release pursuant to 18 U.S.C. section 3582(c)(1)(A) is denied. An Order on Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) will also be entered. Chambers will mail copies of this Memorandum Order and the Order on Motion for Sentence Reduction to Mr. Ortega.

Docket entry nos. 164, 166, 170, 175, and 179 are resolved.

SO ORDERED.

Dated: New York, New York
April 19, 2021

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

**Copies mailed to:**

Jorge Gandia Ortega
Reg. No. 44943-054
FCI Schuylkill
Federal Correctional Institution
P.O. Box 759
Minersville, PA 17954