UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

   -v-                                                                                       No. 02-CR-348-LTS

JORGE GANDIA ORTEGA,

        Defendant.

-------------------------------------------------------x

## Order

The Court has received Defendant Jorge Gandia Ortega's pro se motion for reconsideration (docket entry no. 188, "Motion") of the Court's Memorandum Order denying his motion for a reduction in sentence pursuant to 18 U.S.C. section 3582(c)(1)(A) (docket entry no. 182, "Mem. Ord.").

A motion for reconsideration is not intended as "a vehicle for relitigating old issues, presenting the case under new theories . . . or otherwise taking a second bite at the apple." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks and citation omitted).[1] Indeed, reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation omitted). To warrant reconsideration, the moving party bears the heavy burden of showing "an intervening change of controlling law, the availability of new evidence, or the need to correct a

---

[1] "Courts consider criminal motions for reconsideration under 'largely the same' standards as the equivalent civil motions." United States v. Nawaz, No. 16-CR-431 (AT), 2021 WL 664128, at *1 (S.D.N.Y. Feb. 19, 2021) (quoting United States v. Lisi, No. 15-CR-457 (KPF), 2020 WL 1331955, at *2 (S.D.N.Y. Mar. 23, 2020)).

clear error or prevent manifest injustice." Virgin Atlantic Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted).

In his Motion, Mr. Ortega raises the same issues related to his medical condition and treatment as he raised in his underlying motion for compassionate release; informs the Court that he has received a vaccine against the COVID-19 virus; provides an updated phone number for his daughter; and notes that a new bill titled the Smarter Sentencing Act has been introduced in, but not enacted by, the United States Congress, which Act, if enacted, may impact his sentence.

The Court appreciates Mr. Ortega's report that his medical condition causes him pain, and that certain of his complaints to his facility's medical staff have gone unanswered. However, the Court considered Mr. Ortega's medical condition, as well as the treatment he is receiving (including prescribed medication and an esophagogastroduodenoscopy with dilation scheduled for August 2021), in its Memorandum Order. Moreover, because the Smarter Sentencing Act is merely proposed legislation, it can have no impact on Mr. Ortega's sentence. Therefore, and for the reasons stated in the Court's Memorandum Order, the Court concludes that the sentence imposed on Mr. Ortega remains appropriate and consistent with the factors set forth in 18 U.S.C. section 3553(a).

Because Mr. Ortega's Motion includes the unredacted phone number of a non-party, the Court will remove the unredacted Motion from the public docket, file a redacted copy of the Motion on the public docket, and file the unredacted Motion under seal.

For the reasons stated above, Mr. Ortega's motion for reconsideration is denied.

This Order resolves docket entry no. 188. The Clerk of Court is respectfully directed to remove docket entry no. 188 from the public docket.

Chambers will mail a copy of this Order to Mr. Ortega.

SO ORDERED.

Dated: New York, New York
May 28, 2021

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

**Copies mailed to:**

Jorge Gandia Ortega
Reg. No. 44943-054
FCI Schuylkill
Federal Correctional Institution
P.O. Box 759
Minersville, PA 17954