UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

   -v-                                                                                          No.  02-CR-348 (LTS)

JORGE GANDIA ORTEGA,

       Defendant.

-------------------------------------------------------x

## MEMORANDUM ORDER

The Court has received Defendant Jorge Gandia Ortega's pro se renewed motion for a reduction in sentence pursuant to 18 U.S.C. section 3582(c)(1)(A).  (Docket entry no. 191, (the "Motion").)  The Court has also received the Government's Opposition (docket entry no. 195, (the "Opposition")) and Mr. Ortega's Reply (docket entry no. 202, (the "Reply")).  On August 1, 2022, the Court issued an order informing the parties that, in light of new arguments and evidence raised for the first time in Mr. Ortega's Reply, it would consider an additional response submission from the Government.  (Docket entry no. 207.)  The Court has received the Government's additional response and Mr. Ortega's surreply.  (Docket entry nos. 208 and 210.)

In two Memorandum Orders, dated June 19, 2020 (docket entry no. 163, (the "June 19 Order")), and April 19, 2021 (docket entry no. 182, (the "April 19 Order")), familiarity with which the Court assumes for the purposes of this Memorandum Order, the Court denied Mr. Ortega's two previous motions for a reduction in sentence.  As set forth in the April 19 Order, Mr. Ortega is currently serving a 324-month custodial sentence, stemming from his participation in and leadership of a large narcotics conspiracy, at Federal Correctional Institution ("FCI") Williamsburg, and is due to be released on May 3, 2026.  (April 19 Order at 1.)  See also Find an inmate, BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Aug. 26, 2022).

Mr. Ortega renews his motion for a reduction in sentence, and seeks immediate release to supervised release, arguing that the impact of the COVID-19 pandemic at FCI Williamsburg, his acute susceptibility to COVID-19 and its attendant risks given his chronic esophageal condition and obesity, his rehabilitation while incarcerated, his low risk of recidivism, and his concrete reentry plan constitute extraordinary and compelling reasons warranting a reduction in sentence.  (See Motion at 1-2; Reply at 8, 13-14, Exs. B-D.)  The Court has reviewed the parties' submissions carefully and, for the following reasons, Mr. Ortega's Motion is granted to the extent that Mr. Ortega's 324-month custodial sentence is reduced to 300 months of imprisonment.[1]

## DISCUSSION

Mr. Ortega renews his request for an order directing his compassionate release under 18 U.S.C. section 3582(c)(1)(A), which provides, in relevant part, that:

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C.A. § 3582(c)(1)(A) (Westlaw through P.L. 117-160).[2]  The Court evaluates "the factors set forth in section 3553(a) to the extent that they are applicable," and then considers, in light of

---

[1] The parties' submissions include the five filings described above, their corresponding exhibits, and a supplemental filing from Mr. Ortega's son-in-law.  (See docket entry nos. 191, 195, 202, 205, 208, and 210.)

[2] Mr. Ortega submitted a compassionate release request to the Bureau of Prisons on April 25, 2022 (Motion at 4-5), which was denied on May 17, 2022.  The Government does not dispute that Mr. Ortega has satisfied section 3582(c)(1)(A)'s exhaustion requirement.  (See Opposition at 3.)  That said, the Court notes that Mr. Ortega raised new arguments and evidence in his Reply submission.  Several courts in this district have considered

those factors, whether the defendant's proffered "extraordinary and compelling reasons" for a sentence reduction warrant such a reduction.[3]  The Court may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it] in motions for compassionate release" in determining whether those reasons warrant a sentence reduction.  United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020).  "The defendant has the burden to show he is entitled to a sentence reduction" under section 3582(c)(1)(A).  United States v. Ebbers, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

Mr. Ortega's proffered justifications for a reduction in sentence can be grouped into three categories: (1) his failing heath due to chronic esophageal disease and obesity, as well

---

whether "issue exhaustion" – that inmates must raise a proffered reason for seeking a sentence reduction to the Bureau of Prisons before it can be properly considered by a district court – is a requirement for a compassionate release motion, and have disagreed on the outcome.  Compare United States v. Torres, 464 F. Supp. 3d 651, 655 (S.D.N.Y. 2020) (finding issue exhaustion is not required), and United States v. Torres, 464 F. Supp. 3d 651, 655 (S.D.N.Y. 2020) (same), with United States v. Gotti, No. 02 CR 743-07, 2020 WL 7706828, at *2 (S.D.N.Y. Dec. 29, 2020) (finding issue exhaustion is required).  The Court invited the Government to supply an additional response to Mr. Ortega's Reply, and the Government did not raise the issue of exhaustion in its submission.  (See docket entry no. 208.)  The Court addresses the merits of Mr. Ortega's request, and considers his new arguments and evidence, in this Memorandum Order.

[3]  The sentencing factors set forth in 18 U.S.C. section 3553(a) are: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range . . . ; (5) any pertinent policy statement [issued by the Sentencing Commission in effect on the date the defendant is sentenced]; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense."  18 U.S.C.A. § 3553(a) (Westlaw through P.L. 117-160).

as the heightened risks these conditions pose for severe illness in the case of a COVID-19 infection; (2) his rehabilitation while incarcerated, in connection with which he cites his advancing age (55 years old), his completion of various educational courses, his lower risk of recidivism as evidenced by his PATTERN score; and (3) his proposed reentry plan. The Court addresses each category in turn and, for the following reasons, finds that together they constitute an extraordinary and compelling reason to modify Mr. Ortega's sentence.

    Mr. Ortega's prior two motions principally focused on his health conditions in the context of the COVID-19 pandemic, and the Court's corresponding orders addressed those arguments at length.[4] In its April 19 Order, the Court observed that Mr. Ortega had contracted and recovered from COVID-19 in February 2021. Mr. Ortega has since received three doses of the COVID-19 vaccine; the last dose was administered on December 2, 2021. (See Opposition, Ex. A). As a result of his vaccination, Mr. Ortega "now has significant protection against serious illness or death should he contract COVID-19." United States v. Nkanga, No. 18-CR-713-JMF, 2021 WL 1601076, at *2 (S.D.N.Y. Apr. 23, 2021) (quoting United States v. Singh, No. 15-CR-00028-11, 2021 WL 928740, at *3 (M.D. Pa. Mar. 11, 2021)). Mr. Ortega also contends that FCI Williamsburg is ill-equipped to protect him from contracting COVID-19, given that it fell victim to a publicized outbreak in early 2021 that infected thirty-five staff members and claimed the lives of two inmates. (See Reply, Ex. C.) See also Jared Kofsky and Lillian Donohue, 35 Staff COVID-19 Cases, 2 Inmate Deaths Reported at FCI Williamsburg (Jan. 21, 2021. 4:45 PM), https://www.live5news.com/2021/01/21/staff-covid-cases-inmate-deaths-reported-fci-williamsburg/ (last visited Aug. 26, 2022). Conditions at FCI Williamsburg, however, are no

---

[4]  Mr. Ortega suffers from esophageal disease, hypertension, and obesity, with a body mass index of at least 35. (See Reply at Ex. B; April 19 Order at 3.)

longer as dire as they were a year and a half ago and, as of this writing, the facility has only one positive case among inmates and nineteen among staff.  See https://www.bop.gov/coronavirus/ (last visited Aug. 26, 2022); https://www.bop.gov/locations/institutions/wil/ (last visited Aug. 26, 2022).

Nevertheless, the Court appreciates that the risk of contracting COVID-19 and the attendant complications the virus may present for Mr. Ortega due to his chronic health conditions remain serious, and are not eliminated by his vaccination status or by FCI Williamsburg's encouraging present-day COVID-19 statistics.  The Court also notes the developments in breakthrough infections since it last denied Mr. Ortega's motion.  For instance, due to the spread of the Delta and Omicron variants—both of which occurred after this Court's April 19 Order— several district courts have concluded that a defendant's underlying health conditions can contribute to extraordinary and compelling circumstances notwithstanding vaccination or recovery from a COVID-19 infection.  See, e.g., United States v. Salemo, No. 11-CR-0065-JSR, 2021 WL 4060354, at *6 (S.D.N.Y. Sept. 7, 2021) (granting motion for compassionate release to elderly person with underlying conditions and observing that "the past few weeks have only underscored the remaining danger that COVID-19 poses, even to those who have recovered from COVID-19 and who have been fully vaccinated"); United States v. Sosa, No. 14-CR-468-AT, 2022 WL 1690833, at *4 (S.D.N.Y. May 26, 2022) (denying motion without prejudice to renewal "should future evidence demonstrate that new COVID-19 variants render the …vaccine[s] significantly less effective at preventing serious illness or death from COVID-19") (quoting United States v. Diaz, No. 19-CR-65-JMF, 2021 WL 2018217, at *1 (S.D.N.Y. May 20, 2021)).  Moreover, vaccinated incarcerated individuals generally face a higher risk of contracting COVID-19 than vaccinated non-incarcerated individuals.  See, e.g., United States v. Rodriguez,

No. 05-CR-960-JPO, 2022 WL 158685, at *3 (S.D.N.Y. Jan. 18, 2022); Joshua Manson, <u>What Officials Can Do to Keep Omicron From Ravaging One of Our Most Vulnerable Populations</u>, SLATE (Dec. 20, 2021), https://slate.com/news-and-politics/2021/12/what-corrections-officials-can-do-to-prevent-the-spread-of-omicron-behind-bars.html.  On balance, the Court recognizes that the prospect of a breakthrough infection for Mr. Ortega would not be sufficient on its own to grant a sentence reduction at this juncture.  However, the Court finds that Mr. Ortega's health concerns weigh in favor of a sentence reduction.

The Court next considers the arguments that Mr. Ortega proffers for the first time in the instant motion.  First, evidence of Mr. Ortega's rehabilitation counsels in favor of finding extraordinary and compelling reasons.  Mr. Ortega has taken advantage of numerous programming opportunities available to him while incarcerated.  He has earned his GED and completed nine First Step Act ("FSA") programs, including three work programs.  (<u>See</u> Reply at 14.)  He has also taken a plethora of courses, on subjects ranging from American history to creative writing to financial literacy.  (<u>See</u> <u>id.</u>)  Although the Government proffers evidence that Mr. Ortega has been sanctioned eight times during his incarceration, six of those sanctions were imposed more than ten years ago, and another (for insolent behavior) was imposed eight years ago.  (<u>See</u> docket entry 208, Ex. A.)  The only more recent sanction was issued in 2021, for "being in an unauthorized area."  (<u>See</u> <u>id.</u>)

The second section 3553(a) factor, which emphasizes, among other things, the need for the sentence to reflect the seriousness of the offense and to provide just punishment, warrants consideration of the nature and chronology of Mr. Ortega's conduct while in custody.  While bearing in mind that "rehabilitation alone" is not sufficient to warrant a sentence reduction under the statute, <u>see</u> <u>United States v. Brooker</u>, 976 F.3d 228, 237 (2d Cir. 2020), the Court

observes that question of just punishment is especially relevant here.  Mr. Ortega's leadership of a conspiracy involving the distribution and possession with intent to distribute of hundreds of kilograms of cocaine was undoubtedly very serious.  (See Opposition at 1.)  However, the second factor also requires the Court to consider whether the sentence is necessary to "protect the public from further crimes of the defendant."  18 U.S.C. § 3553(a)(2)(C).  Mr. Ortega's work toward rehabilitation, summarized above, is commendable.  Moreover, Mr. Ortega's FSA Recidivism Risk Assessment, conducted by the Bureau of Prisons in April 2021 and commonly known as a PATTERN score, indicates a recidivism risk level of "low."  (See Reply, Ex. D.)  See also NAT'L INST. JUSTICE, 2021 REVIEW AND REVALIDATION OF THE FIRST STEP ACT RISK ASSESSMENT TOOL 19 (December 2021), https://www.ojp.gov/pdffiles1/nij/303859.pdf.  Mr. Ortega has already spent nearly 20 years in prison, and has fewer than four years of his custodial sentence remaining.  He is now fifty-five years old, and therefore statistically much less likely to reoffend.  These considerations likewise weigh in favor of a sentence reduction.

    Mr. Ortega's second new argument in the instant motion points to his reentry plan.  Mr. Ortega's daughter has submitted a letter indicating that she will house her father at her home in Wisconsin.  Her husband, Mr. Ortega's son-in-law, has submitted a separate letter indicating his intent to hire Mr. Ortega to work at his residential painting business, which is also located in Wisconsin. (Docket entry no. 205.)  A concrete re-entry plan, especially one under which Mr. Ortega would reside outside of New York—where he committed his crimes—after completion of his custodial sentence also counsels in favor of finding extraordinary and compelling reasons for a sentence reduction in the overall context of this application.  See, e.g., United States v. Salvagno, 456 F. Supp. 3d 420, 461 (N.D.N.Y. 2020) (granting compassionate release where defendant "presented a re-entry plan that was especially promising, as it provided

concrete assurances that he would make a transformation to a law-abiding life"). After carefully considering the section 3553(a) factors, the Court concludes that a sentence of 300 months' imprisonment will be sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in the statute.

Finally, the Court must decide whether sentence reduction is warranted by extraordinary and compelling reasons. Based on Mr. Ortega's chronic health issues, his consequent continued and elevated level of susceptibility to severe manifestations of COVID-19, his efforts at rehabilitation, and his concrete reentry plan, the Court concludes that the circumstances described above together constitute extraordinary and compelling reasons warranting warrant a reduction in Mr. Ortega's custodial sentence from 324 months to a term of 300 months of imprisonment.

CONCLUSION

For the foregoing reasons, Mr. Ortega's motion for a sentence reduction pursuant to 18 U.S.C. section 3582(c)(1)(A) is granted to the extent that the Court reduces the custodial portion of Mr. Ortega's sentence by 24 months (from 324 months to 300 months).  A form Order on Motion for Sentence Reduction Under 18 U.S.C. section 3582(c)(1)(A) will also be entered. The Clerk of Court is respectfully directed to mail a copy of this Order to Mr. Ortega at the address below.  Docket entry no. 191 is resolved.

SO ORDERED.

Dated: New York, New York
August 26, 2022

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

**Mail to:**
Jorge Gandia Ortega, Reg. No. 44943-054
FCI Williamsburg
Federal Correctional Institution
P.O. Box 340
Salters, SC 29590